

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00785-CR

**IN RE Olice E. BROWN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  December 13, 2017

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On November 30, 2017, relator Olice E. Brown filed a pro se petition for writ of mandamus seeking to compel his trial counsel, Mr. William T. Reece, to provide him with a complete copy of the attorney-client file that was generated during the course of relator's trial for capital murder.

Unless necessary to enforce our jurisdiction, this court does not have jurisdiction to issue a writ of mandamus against an attorney. *In re Mason*, No. 05-16-01450-CV, 2017 WL 2464688, at *1 (Tex. App.—Dallas June 7, 2017, orig. proceeding) (mem. op.); *In re Cornett*, No. 10-16-00023-CR, 2016 WL 454996, at *1 (Tex. App.—Waco Feb. 4, 2016, orig. proceeding) (mem. op., not designated for publication); TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2017) (appellate

---

[1] This proceeding arises out of Cause Nos. 2015CR3457 and 2016CR9349W, styled *The State of Texas v. Olice Brown*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

court may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court); *id.* § 22.221(b) (writ jurisdiction over district and county courts only).

We do not have jurisdiction to issue a writ of mandamus directed at Mr. Reece because the requested writ is neither against a judge nor necessary to enforce our appellate jurisdiction. *See id.*; *see also In re Coleman*, 03-14-00432-CV, 2014 WL 4179431, at *1 (Tex. App.—Austin Aug. 19, 2014, orig. proceeding) (mem. op.) (relator asserted he repeatedly asked his attorneys to give him his files but they refused, even after he contacted the State Bar of Texas). Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH